IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND**, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers<br>620 F Street, N.W.<br>Washington, D.C. 20004,<br><br>                Plaintiff,<br><br>       v.<br><br>**MASONRY SPECIALISTS, INC.**<br>13892 Moore Road<br>Marion, Illinois 62959<br><br>                Defendant. | **COMPLAINT** |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUNDS)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

### PARTIES

1.  Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund" or "Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).  The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The International Pension Fund is administered at 620 F Street,

N.W., in Washington D.C. The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2. Defendant Masonry Specialists, Inc. is an Illinois corporation with an office address of 13892 Moore Road, in Marion, Illinois 62959, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3. This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreements. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant Masonry Specialists, Inc. has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 8 Illinois ("Collective Bargaining Agreements"),

that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

7. Pursuant to the Collective Bargaining Agreements, the Defendant agreed to pay certain sums of money to the Fund for hours worked by employees of the Defendant performing work covered by the Collective Bargaining Agreements.

8. During the months of January 2018 through the present, the Defendant has performed work covered by the Collective Bargaining Agreements.

9. During the months of January 2018 through December 2020, the Defendant failed to report and pay all amounts owing to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreements and Declarations of Trust.

10. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

11. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date, or liquidated damages in the amount of 20% of the total contributions owed.

12. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees, and costs for collection.

## COUNT I

### (UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND PURSUANT TO PAYROLL AUDIT)

13. The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. In or around May 2021, Richard J. Wolf and Company, Inc. completed an audit of the records supplied by the Defendant for the period January 1, 2018 through December 31, 2020, for work performed by the Defendant's employees under the Collective Bargaining Agreements.

15. The results of the audit revealed that during the period January 1, 2018 through December 31, 2020, the Defendant failed to pay all contributions owing to the Fund under the Collective Bargaining Agreements in the total amount of $9,585.27.

16. The Plaintiffs first became aware of this delinquency as a result of the audit findings.

17. The Defendant has failed to pay the amount of contributions owing to the Plaintiffs as revealed by the audit.

18. As a result of these unpaid contributions being revealed by the audit, the Defendant also owes a total of $800.00 in audit fees.

4

19. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

20. The Plaintiff is entitled to judgment against the Defendant for all contributions owed as revealed by the audit, plus interest owed on unpaid contributions at the rate of 15% per annum from the due date of each payment, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date, or liquidated damages in the amount of 20% of the total unpaid contributions owed, plus the audit fees and attorneys' fees and costs.

21. The Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, and fees and costs which become due, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** the Plaintiff prays judgment on Count I as follows:

A. For unpaid contributions in the amount of $9,585.27 due and owing to the Plaintiff for work performed during the period January 1, 2018 through December 31, 2020, as determined pursuant to the audit, plus $800.00 in audit fees, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

      B.      For interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

      C.      For costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreements, the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

      D.      For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs which become due, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

      E.      Such further relief as the Court deems appropriate.

                                                Respectfully submitted,

Dated: June 27, 2022          **O'DONOGHUE & O'DONOGHUE LLP**
                                                5301 Wisconsin Avenue, N.W., Suite 800
                                                Washington, D.C. 20015
                                                Telephone: (202) 362-0041
                                                Facsimile: (202) 237-1200
                                                cgilligan@odonoghuelaw.com

                                By:    /s/ Charles W. Gilligan
                                                Charles W. Gilligan (Bar No. 394710)
                                                *Attorney for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 27th day of June 2022, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for
>            Plan Benefits Security

/s/ Charles W. Gilligan<br>Charles W. Gilligan